GEORGE W. SUCHODOLSKI, complainant,

*v.*

AMERICAN FEDERATION OF LABOR, INTERNATIONAL BUILD-
ING SERVICE EMPLOYEES UNION, and others, defendants.

[Decided July 2d, 1940.]

*Mr. William C. Nowels,* for the complainant.

*Messrs. Isserman, Isserman & Kapelsohn (Mr. Sol D. Kapelsohn),* for the defendants.

BIGELOW, V. C.

Complainant is a window cleaner who serves a large num-
ber of customers, one of whom was Betz, a baker. Every
Monday morning, complainant went to the bakery and cleaned
the show window and the glass cases in which bread and cakes
were displayed. For this service, he was paid $9 a month.

Defendant local is an unincorporated association whose
members are window cleaners, competitors of complainant.
In the spring of 1939, they invited complainant to join the
union, but he refused.

Last summer, the business agent of the union called at
the bakery and asked Betz to engage a member of the local
in the place of complainant. Betz replied that he was satis-
fied with complainant's work and would not discharge him.

One Monday, shortly thereafter, two pickets, agents of the

local, appeared at the bakery with placards announcing that a non-union man did the window cleaning and that the bakery was unfair to union labor. When the picketing had continued a few days, Betz surrendered, discharged complainant and engaged instead a member of the union.

Complainant had a similar experience with another customer, Bernstein, about the same time. But Bernstein did not wait for the pickets. As soon as the business agent demanded that a union man be employed and threatened picketing, he acquiesced and fired complainant.

There was some discussion on the hearing whether complainant is a part time employe of each customer, or an independent contractor. It may well be that he is an employe of some of his patrons and an independent contractor in respect to others, depending on the precise terms of his agreements with them. But these niceties can be disregarded. The rules governing strikes and picketing grow from economic relations and the disparity of bargaining power between employer and employe. Even if complainant, in the eyes of the law, is an independent contractor, he is in the same practical position as any poor man hunting or holding part time service as an employe. The rules which usually apply in picketing cases apply here.

Defendants show that complainant worked for Betz only four or five weeks and for Bernstein a couple of years and that in each case he took the place of a union man. Betz paid complainant less than he had paid his predecessor or than he paid his successor who was employed after the picketing.

Defendants cannot justify the picketing as an incident of a strike for obviously there was no strike. They argue that complainant competes with them and sometimes gets their places by accepting lower pay, that this justifies them in using picketing as a competitive weapon in their attempt to recapture their jobs. The argument cannot prevail. Complainant's right and interest in his employment cannot be invaded and destroyed by this kind of competition. *Feller* v. *Local 144, &c., 121 N. J. Eq. 452.*

Defendants also assert that an injunction against picketing would infringe their right of free speech and free press and

here rely upon the recent decisions of *Thornhill* v. *Alabama, 308 U. S. 547; 60 S. Ct. 736,* and *Carlson* v. *California, 60 S. Ct. 746.* In each case the Supreme Court reversed the conviction of the appellant on the ground that the statute or ordinance which he had violated was unconstitutional. The Alabama statute prohibited picketing which was carried on "without a just or legal excuse." The court held that this phrase "does not, in any effective manner, restrict the breadth of the regulation; the words themselves have no ascertainable meaning either inherent or historical." With the phrase excised, the statute forbids picketing under any and all circumstances and freedom of speech is thereby unduly abridged contrary to the due process clause of the Fourteenth Amendment. In the California case, the court held unconstitutional an ordinance of Shasta county which purported to make all picketing unlawful. In fine, the court held that there are situations in which picketing is lawful and that a prohibition of such lawful picketing invades the right of free speech; but the court did not decide or intimate that picketing is always lawful or that tortious picketing may not be enjoined. The question before me in the present case is whether the picketing was lawful, and *Thornhill* v. *Alabama* and *Carlson* v. *California* do not lead me to think it was.

There may be an injunction forbidding defendants from picketing, or threatening to picket complainant's customers with intent to dissuade them from employing or doing business with complainant.